IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICHARD DEE WILDER, SID # 345951, | § § § § | |
| Plaintiff, | § § | CIVIL NO. SA-19-CA-684-FB |
| vs. | § § | |
| MICHAEL HARDGES, ET AL., | § § § | |
| Defendants. | § | |

**SHOW CAUSE ORDER**

Before the Court is the Civil Rights Complaint [#1] filed by the Plaintiff, Richard Dee Wilder ("Plaintiff"), pursuant to 42 U.S.C. § 1983. Plaintiff is ordered to file an amended complaint clarifying his allegations and, to the extent possible, curing the Complaint's legal deficiencies, which are described below.

**I.     Legal Standard**

According to 28 U.S.C. § 1915A(b)(1), this Court is required to screen any civil complaint in which a prisoner seeks relief against a government entity, officer, or employee and dismiss the complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. *See also* 28 U.S.C. § 1915(e)(2)(B) (directing court to dismiss case filed *in forma pauperis* at any time if it is determined that the action is (i) frivolous or malicious or (ii) fails to state a claim on which relief may be granted).

An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation and citation omitted). A complaint is factually frivolous when "the facts

1

alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327–28).

In evaluating whether a complaint states a claim under § 1915A(b)(1) and § 1915(e)(2)(B), this Court applies the same standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007)). These factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A conclusory complaint—one that fails to state material facts or merely recites the elements of a cause of action—may be dismissed for failure to state a claim. *See id.* at 555–56.

## II. Deficiencies in Plaintiff's Complaint

Plaintiff's § 1983 Complaint states: He was arrested on May 8, 2018 for possession of a controlled substance and pursuant to a parole violator's warrant. The parole warrant has been lifted but Plaintiff alleges it was in effect for six and a half months past his parole discharge date. He remains in BCADC custody awaiting trial on the possession of a controlled substance case. Plaintiff alleges if the parole warrant had been lifted on his discharge date of June 6, 2018, he would have been able to make bail on the possession charge and would have been released. Plaintiff sues Parole Board Analyst Michael Hardges, Parole Warrants Officer Lela Smith, and Texas Department of Criminal Justice Correctional Institutions Division ("TDCJ-CID") Classification and Records Department Supervisor Charles Valdez seeking "reimbursement for lost wages and loss of freedom for the last 13 months."

As is explained above, an IFP plaintiff's complaint is considered frivolous and is subject to dismissal if it fails to state a claim on which relief can be granted. In this case, Plaintiff's claims currently have the following deficiencies:

**a. The Parole Board and the Defendants in their official capacities are immune from suit pursuant to the Eleventh Amendment.**

The Eleventh Amendment bars suits against a state. A claim against the Parole Board or the Defendants in their official capacities, is, in effect, a claim against the State of Texas, and is barred by Eleventh Amendment sovereign immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 69–71 & n.10 (1989).

**b. Parole Board personnel Hardges and Smith are absolutely immune from suit in their individual capacities for their role in the revocation process.**

The parole revocation warrant that Plaintiff challenges was issued under the authority of the Board of Pardons and Paroles. It is well settled that the Board of Pardons and Paroles members and their personnel—in their individual capacities—are absolutely immune when performing their adjudicative function, which includes the parole revocation procedure and conduct "inexorably connected with the execution of parole revocation procedures." *Hulsey v. Owens*, 63 F.3d 354, 356-57 (5th Cir. 1995). Therefore, Defendants Hardges and Smith are absolutely immune from suit in their individual capacities for their roles in acting on behalf of the Board of Pardons and Paroles in issuing the parole revocation warrant. *See id.*

**c. Plaintiff failed to allege a basis for suing the TDCJ-CID Records Department Supervisor.**

Plaintiff sues TDCJ-CID Records Supervisor Valdez for purportedly failing to order Plaintiff released on his discharge date. However, as records custodian it was Defendant Valdez's responsibility to maintain TDCJ-CID records, and he had no authority to order Plaintiff released.

To the extent that Plaintiff is alleging that Defendant Valdez violated his rights in some other way, he should clarify what that is.

**d. Plaintiff's allegations are vague, conclusory, and speculative and insufficient to allege a non-frivolous claim.**

Plaintiff alleges that his parole was discharged, but the parole revocation warrant remained in effect and he was held in custody for six and a half months beyond his parole discharge date. However, Plaintiff fails to explain a factual basis for his conclusion that his parole was discharged or that the warrant should have been lifted. Plaintiff also speculates that had the warrant been lifted earlier he would have been released on bond; but the record shows, and Plaintiff acknowledges, that he is in BCADC custody awaiting trial on the possession of a controlled substance charge. Thus, Plaintiff has not so far presented a reasonable basis for concluding he would have been released on bond if the parole warrant had been lifted earlier.

### III. Right to Amend

Before dismissal of the Complaint, Plaintiff is entitled to amend to attempt to cure any deficiencies. *See Neitzke*, 490 U.S. at 329. Therefore,

**IT IS ORDERED that within twenty-one days of the date of this Order**, Plaintiff must show cause why his Complaint should not be dismissed pursuant to §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1), for failure to state a non-frivolous claim, by **filing an amended complaint** (of no more than twenty (20) pages) that cures these deficiencies. Plaintiff should present his amended claims by using the § 1983 complaint form, as he did before. **The Clerk of Court is directed to provide Plaintiff with another copy of the Section 1983 form.**

If Plaintiff fails to comply with this Order, his Complaint can also be dismissed for failure to prosecute and failure to comply with this Order. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

SIGNED this 5th day of August, 2019.

                                              ELIZABETH S. ("BETSY") CHESTNEY
                                              UNITED STATES MAGISTRATE JUDGE